Theodore Velsor, J.
On January 5, 1968, the plaintiff’s intestate was struck by a vehicle in the corporate limits of the defendant village, as a result of which said intestate died. The complaint attempts to assess liability against both defendants, town and village, for their negligent investigation of the accident, in that the policemen at such scene of accident neglected to secure the names of the driver and owner of the vehicle which struck plaintiff’s intestate while the driver was still at the site of the accident when the police were there.
The village moves to dismiss the complaint for failure to state a cause of action. For reasons that are hereinafter discussed the application must be granted as to both defendants.
The Town of Hempstead maintains no police force. This court takes judicial notice of such fact. Hence, even if liability be sought against the town, premised upon the theory of respondeat superior, such liability must fall, absent the act of any agent binding the town.
Nor is the act of the defendant village, or the village’s police force, the act of the town. An incorporated village is not the agent of a town in whose jurisdiction or geographical area the village lies. Within the grant of power delegated to an incorporated village (Village Law, § 2-200; § 188 et seq.), the village is autonomous (Hempstead T-W Corp. v. Town of Hempstead, 13 Misc 2d 1054, 1059 affd. 7 A D 2d 637).
This court takes-judicial notice of the fact that, pursuant to statute, the Incorporated Village of Hempstead has established its own police force.
Hence, even if there were liability to be imposed for the negligent acts complained of, the defendant town would remain unencumbered by any liability based thereon.
*798 In addition, it is the opinion of this court that liability can neither be assessed against the town nor village here, because there was no breach of any duty owed by either to the plaintiff or her intestate.
It requires no citation for the basic proposition that liability in damages for the consequences of a negligent act is predicated upon a breach of duty. As stated by the court in the case of Baker v. City of New York (25 A D 2d 770, 771), “ A municipality may not be held liable for failure to provide general police protection (Murrain v. Wilson Line, 270 App. Div. 372, affd. 296 N. Y. 845), but there may be liability if there exists on .the part of the municipality ‘ some relationship * * * creating a duty to use due care for the benefit of particular persons or classes of persons ’ (Motyka v. City of Amsterdam, 15 N Y 2d 134, 139; cf. Schuster v. City of New York, 5 N Y 2d 75, 80-81; Farmer v. City of New York, 23 A D 2d 638).”
The question, measured by the rules thus promulgated, is whether a special duty arose with respect to the injured party or his representative for the police at the scene of the accident to preserve for the benefit of the injured party the observable facts, including the identification of the persons involved in said accident.
ISTo case has been cited to this court, nor has it been able to find one, which, as in Schuster (supra), imposed such duty in the absence of circumstances which induced the injured party to rely upon the discharge of a duty assumed.
There is no doubt the rule of Schuster (supra) fastens liability upon a municipality which, having assumed such, fails to discharge the same properly to the injury of the one to whom the duty was assumed. But this area of protection has been narrowed. Most recently our Court of Appeals observed in the case of Riss v. City of New York (22 N Y 2d 579, 583), “ For all these reasons, there is no warrant in judicial tradition or in the proper allocation of the powers of government for the courts, in the absence of legislation, to carve out an area of tort liability for police protection to members of the public.”
Without legislation there is no authority for the courts to create tort liability on the municipality on the facts as presented herein.