958

■ MARGREE MATHEWS, Also Known as MARGREE M. TAYLOR, et al., Respondents, v. GILBERT FOSTER et al., Appellants, et al., Defendant.— In a negligence action to recover damages for personal injuries, defendants Foster appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County, dated June 18, 1969, as granted plaintiffs' motion to set aside the jury verdict in the Fosters' favor and ordered a new trial unless they would consent to the entry of judgment against them in the amount of $5,000 in favor of plaintiff Taylor and $450 in favor of plaintiff Brown. Order reversed insofar as appealed from, with costs, plaintiffs' motion denied and jury verdict reinstated. No claim is made that errors of law occurred at the trial or that prejudicial conduct improperly influenced the verdict. Under these circumstances and on the proof adduced, which indicated an issue of fact as to the negligence of appellants, it may not be held that the evidence preponderates so greatly in favor of plaintiffs as to establish that the jury's verdict for appellants " could not have been reached upon any fair interpretation of the evidence " (Olsen v. Chase Manhattan Bank, 10 A D 2d 539, 544; Herman v. Hubert, 12 A D 2d 767; Paternostro v. Schillaci, 32 A D 2d 790). Munder, Acting P. J., Martuscello, Latham, Kleinfeld and Benjamin, JJ., concur.

■ MOLLIE MCNEIL, as Administratrix of the Estate of WILLIE MCNEIL, Deceased, Appellant, v. TOWN OF HEMPSTEAD et al., Respondents.— Order of the Supreme Court, Nassau County, entered September 17, 1969, affirmed insofar as it applies to defendant the Village of Hempstead, without costs. No opinion. By order of this court, dated January 6, 1970, the appeal as to defendant the Town of Hempstead was deemed withdrawn and discontinued. Munder, Acting P. J., Martuscello, Latham, Kleinfeld and Benjamin, JJ., concur. [60 Misc 2d 797.]

■ SHEILA MULLIGAN et al., Appellants, v. HENRY C. SPERKA, Respondent.— Order of the Supreme Court, Nassau County, dated March 11, 1969, affirmed, with $10 costs and disbursements (see Nesbitt v. Nimmich, 34 A D 2d 958). Christ, P. J., Hopkins and Benjamin, JJ., concur; Munder and Rabin, JJ., dissent and vote to reverse the order appealed from and grant plaintiffs' motion for summary judgment for the reasons stated in the dissenting memorandum in Nesbitt v. Nimmich (34 A D 2d 958). (See, also, Schwartz v. Public Administrator of County of Bronx, 24 N Y 2d 65.)